UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIRTHA GARCIA,

Plaintiff,

vs.                                         Case No.:

ENCORE RECEIVABLE
MANAGEMENT, INC.,

Defendant.
_____/

## COMPLAINT

1.     Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

1

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, MIRTHA GARCIA, is a natural person who resides in the City of Miami, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant ENCORE RECEIVABLE MANAGEMENT, INC. (hereinafter "Defendant Encore") is a collection agency operating from an address of 400 N. Rogers Road, Olathe, KS 66062, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Encore regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant Encore regularly collects or attempts to collect debts for other parties.

9. Defendant Encore was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALLS

13. In or about July, 2010, Defendant Encore's collectors contacted Plaintiff by telephone multiple times in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14. During these July, 2010 calls, Defendant left voice mails on Plaintiff's answering machine, and failed to identify themselves as debt collectors.

## OTHER COLLECTION CALLS

15. In or about July, 2010, Defendant Encore's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

16. During this July, 2010 call, Defendant Encore left another voice mail, this time identifying himself as a debt collector.

## SUMMARY

17. All of the above-described collection communications made to Plaintiff by Defendant Encore, and collection employees employed by Defendant Encore, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(3),1692e, 1692e(10), 1692e(11), and 1692f.

18. During its collection communications, Defendant and these individual debt collectors employed by Defendant Encore repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(10), 1692e(11), and 1692f, amongst others.

19. The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt were violations of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

20. Defendant's disclosure of Plaintiff's indebtedness to third parties was an invasion of her privacy and her right to financial privacy.

## TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to each of these Plaintiff.

24. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

25. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

26. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

27. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

28. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded each Plaintiff's privacy.

5

29. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

30. Defendant disclosed Plaintiff's alleged indebtedness to third parties. Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

31. Defendant and its agents intentionally and/or negligently caused emotional harm to each of this Plaintiff's by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each of these Plaintiff's rights to privacy.

32. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

33. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

34. As a result of such intrusions and invasions of privacy, each Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT 3

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

35. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a) Damages and

b) Attorneys' fees and costs.

## COUNT 4

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

36. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C. 1692d(6).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

## COUNT 5

### VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Defendant disclosed Plaintiff's alleged indebtedness to third parties. Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

38. As a result of the Defendant's improper disclosures to third parties, Plaintiff's reputation has been affected.

WHEREFORE, Plaintiff request that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A) Damages and

B) Attorneys' fees and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  July 29, 2010                                  Respectfully submitted,

/s Andrew I. Glenn_____
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff